THE YONKERS RAILROAD COMPANY, Appellant, Respondent, v. THE HERALD STATESMAN, INC., Respondent, Appellant.— The action is for libel. It grows out of the publication of two news articles and an editorial in defendant's newspaper respecting street transit facilities in the city of Yonkers. Three separate causes of action are set forth in the complaint and defendant interposed several complete and partial defenses to each. The first and second complete defenses plead justification and fair comment. The plaintiff moved to strike from the answer, as insufficient in law, the first and second complete defenses to the first and second causes of action and the first, second and third complete defenses to the third cause of action. The defendant moved to dismiss the first and third causes of action. The Special Term granted plaintiff's motion to strike out the first and second complete defenses to the first cause of action and denied its motion to strike out the first and second complete defenses to the second cause of action and the three complete defenses to the third cause of action. It also denied defendant's motion

to dismiss the first and third causes of action. The plaintiff appeals from so much of the order as denies its motion to strike out the first and second complete defenses to the second cause of action. The defendant appeals from so much of the order as grants plaintiff's motion to strike out the first and second complete defenses to the first cause of action and as denies defendant's cross-motion to strike out the first and third causes of action. Order modified so as to provide that the first cause of action be dismissed. As so modified, the order, in so far as appeals are taken therefrom, is affirmed, with ten dollars costs and disbursements to defendant, and with leave to plaintiff, within ten days from the entry of the order hereon, to serve an amended complaint with respect to the first cause of action if so advised. The first cause of action is insufficient in law. The article of which the plaintiff therein complains is not libelous on its face. It is susceptible of two interpretations, one harmless and one libelous, and in the absence of an innuendo to point out the meaning which plaintiff claims to be the true meaning and the one upon which it relies to sustain its cause of action, the first cause of action is insufficient. (Beecher v. Press Publishing Co., 60 App. Div. 536.) The first and second complete defenses to the second cause of action are sufficient in law and they would be sufficient defenses to the first cause of action if an innuendo had been pleaded. The defendant is justified in pleading all the facts and circumstances which tend to show the accuracy of the meaning it ascribes to the articles complained of. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.